IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JESSE GUARDADO,

    Petitioner,

v.                                        CASE NO. 4:15cv256-RH

JULIE L. JONES, SECRETARY,
FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

**ORDER AMENDING THE SCHEDULE AND GRANTING
LEAVE FOR THE FEDERAL PUBLIC DEFENDER TO
<u>REPRESENT THE PETITIONER IN STATE COURT</u>**

Now pending are two issues: whether this federal habeas proceeding should be stayed while the petitioner exhausts one of his claims in state court, and whether his federally appointed attorney may represent him for purposes of exhausting that claim in state court.

I

A Florida state court sentenced the petitioner Jesse Guardado to death. He now seeks a writ of habeas corpus under 28 U.S.C. § 2254. The petition asserts five claims, including a claim under *Hurst v. Florida*, 136 S. Ct. 616 (2016), which

held unconstitutional Florida's death-penalty procedures. Mr. Guardado apparently has exhausted his state remedies on all claims—a prerequisite to relief under § 2254—but he exhausted the challenge to Florida's death-penalty procedures before the decision in *Hurst*.

Mr. Guardado is represented in this court by the Federal Public Defender (through his Capital Habeas Unit). Mr. Guardado has moved to stay proceedings in this court so that he can exhaust his *Hurst* claim in state court. And Mr. Guardado has asked for approval for the Federal Public Defender to provide representation in state court for exhaustion of the *Hurst* claim. The respondent opposes the motion.

II

In *Harbison v. Bell*, 556 U.S. 180 (2009), the Supreme Court held that under 18 U.S.C. § 3599, an attorney who was appointed in a federal § 2254 proceeding could represent the petitioner in subsequent state clemency proceedings, so long as the petitioner would otherwise not be represented. Addressing the issue in our case—whether, after appointment in a § 2254 proceeding, an attorney can represent the petitioner in exhausting state judicial remedies—the Court said:

> Pursuant to § 3599(e)'s provision that counsel may represent her client in "other appropriate motions and procedures," a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation.

*Harbison*, 556 U.S. at 190 n.7. This plainly gives a district court the authority, as a matter of discretion on a case-by-case basis, to allow a federally appointed attorney to represent a petitioner in exhaustion efforts commenced after the federal appointment.

The respondent opposes Mr. Guardado's motion on various grounds, three of which deserve mention.

First, the respondent says Mr. Guardado already has an appointed attorney in state court. But the record now makes clear that that is not so; his former attorney does not (and apparently cannot) still represent Mr. Guardado.

Second, the respondent says exhaustion is unnecessary because Mr. Guardado has already exhausted "the Sixth Amendment right-to-a-jury-trial claim." Resp. Mem., ECF No. 14 at 2. If by that statement the respondent intends to concede that any *Hurst* claim has been properly exhausted—if, that is, the respondent explicitly waives any exhaustion defense—that will end the matter. But the respondent's statement seems less than an unequivocal waiver of any such defense. And *Hurst* addresses not just the right to a jury trial but also proof beyond a reasonable doubt.

Third, the respondent says any *Hurst* claim is futile, because *Hurst* is not retroactive. But one can reasonably argue both sides of this issue; the claim is not futile. The line of decisions that spawned *Hurst* shows why this is so. The line

goes back at least to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and was first applied to the death penalty in *Ring v. Arizona*, 536 U.S. 584 (2002). Under this line of decisions, a defendant has this right: any fact (other than a prior conviction) that increases the maximum sentence that can be imposed on the defendant must be found by a jury on proof beyond a reasonable doubt. The Supreme Court has held a jury-right decision—indeed, *Ring* itself—not retroactive. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). But *Schriro* did not address the requirement for proof beyond a reasonable doubt. *See id.* at 351 n.1. The Supreme Court has held a proof-beyond-a-reasonable-doubt decision retroactive. *See Ivan V. v. City of New York*, 407 U.S. 203 (1972).

As a matter of discretion, I conclude that the Federal Public Defender may represent Mr. Guardado while exhausting a *Hurst* claim in state court so long as two conditions are met: first, a different attorney has not been appointed in state court; and second, the respondent has not filed in this court an explicit waiver of any exhaustion defense to a *Hurst* claim.

III

A major reason for establishing the Capital Habeas Unit was that too many state-appointed attorneys missed statutes of limitations. Regardless of whether Mr. Guardado is represented in any further state proceedings by the Federal Public Defender or a state-appointed attorney, the Federal Public Defender may and

should monitor state proceedings and any applicable statutes of limitations. Nothing in this order suggests that doing so would be improper, even if Mr. Guardado is represented in state proceedings by a state-appointed attorney.

IV

The issue of *Hurst*'s effect on existing Florida death sentences is apparently pending in the Florida Supreme Court. Good case management calls for deferring further proceedings in this case until that court rules on this issue. The respondent says this will constitute a commutation of Mr. Guardado's death sentence for each day that passes. But *Ring* was decided in 2002. It has been highly clear since then that unless *Ring* was overruled, this day would come. Having pushed back for 14 years, the State of Florida should not be heard now to insist that another month or two is too high a price for an orderly process.

V

For these reasons,

IT IS ORDERED:

1. The petitioner's motion to abate and to allow the Federal Public Defender to represent the petitioner in state exhaustion proceedings, ECF No. 13, is granted in part.

2. The Federal Public Defender may represent the petitioner in state exhaustion proceedings under the conditions set out in this order.

3. The scheduling order of March 9, 2016, ECF No. 10, is amended to provide that the petitioner's initial memorandum is due 28 days after the Florida Supreme Court first issues an opinion deciding whether *Hurst* applies retroactively to cases on collateral review. The filing of a petition for rehearing in the Florida Supreme Court or a petition for a writ of certiorari in the United States Supreme Court will not affect the deadline for the petitioner's initial memorandum.

SO ORDERED on May 27, 2016.

> s/Robert L. Hinkle
> United States District Judge